DAVID L. NEALE (SBN 141225)
dln@lnbyb.com
IRV M. GROSS ( SBN 53659)
img@lnbyb.com
LEVENE, NEALE, BENDER, YOO & BRILL L.L.P.
10250 Constellation Blvd., Suite 1700
Los Angeles, California 90067
Telephone:  (310) 229-1234
Facsimile:  (310) 229-1244

Attorneys for Defendants
Slinde & Nelson, LLC fdba Slinde Nelson Stanford, an
Oregon limited liability company, and Darian Stanford

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | ) Case No. 2:16-bk-19896-BB |
| | ) |
| LITE SOLAR CORP., | ) Chapter 11 |
| | ) |
| Plaintiff and | ) |
| Plaintiff-in-Possession | ) |
| | ) |
| | ) Adv. No. 2:18-ap-01109-BB |
| | ) |
| LITE  SOLAR  CORP.,  a  California | ) |
| Corporation, | ) **DEFENDANTS' ANSWER TO** |
| | ) **COMPLAINT AND DEMAND FOR** |
| Plaintiff, | ) **JURY TRIAL** |
| | ) |
| v. | ) |
| | ) |
| SLINDE & NELSON, LLC dba SLINDE | ) |
| NELSON  fka  SLINDE  NELSON | ) |
| STANFORD an Oregon limited liability | ) |
| company, and DARIAN A. STANFORD, | ) |
| an Oregon domiciliary, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

Defendants SLINDE & NELSON, LLC dba SLINDE NELSON fka SLINDE NELSON STANFORD, an Oregon limited liability company, and DARIAN A. STANFORD, an individual (collectively, "Defendants"), hereby answer the complaint (the "Complaint") of LITE SOLAR CORP., a California Corporation ("Plaintiff"), as follows:

**JURISDICTION AND VENUE**

1.      Defendants admit the allegations in Paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint consists of a legal conclusion and avers no facts and, therefore, requires no response.  Defendants do not consent to the entry of final orders and/or judgment by the Bankruptcy Court.

3.      Paragraph 3 of the Complaint consists of a legal conclusion and avers no facts and, therefore, requires no response.  To the extent Paragraph 3 requires a response, Defendants deny the allegations in this paragraph in that the First Claim for Relief for professional negligence and the Second Claim for Relief for breach of contract are non-core, and the Third Claim for Relief to disallow claims is a sham and is alleged only for the improper purpose of manufacturing a core claim and a core proceeding.

4.      In answer to Paragraph 4 of the Complaint, Defendants admit that the Bankruptcy Case is pending in this district and division.  Other than so admitting, Paragraph 3 of the Complaint consists of a legal conclusion and avers no facts and, therefore, requires no response.

5.      Paragraph 5 of the Complaint consists of a legal conclusion and avers no facts and, therefore, requires no response.

6.      Defendants admit the allegations in Paragraph 6 of the Complaint.

**PARTIES**

7.      In answer to Paragraph 7 of the Complaint, Defendants admit that Plaintiff purports to be a California corporation, is the debtor-in-possession in the Bankruptcy Case and purports to be the successor by merger to Lite Solar, LLC, a Nevada limited liability company. Other than so admitting, Defendants lack sufficient information to admit or deny the remaining allegations in paragraph 7 of the Complaint, and on that basis they deny, generally and

2

specifically, the remaining allegations contained in Paragraph 7.

8.    Defendants admit the allegations in Paragraph 8 of the Complaint.

9.    Defendants admit the allegations in Paragraph 9 of the Complaint.

10.    Defendants admit the allegations in Paragraph 10 of the Complaint.

## ANSWERS TO FIRST CLAIM FOR RELIEF

### (Professional Negligence)

11.    Defendants admit the allegations in Paragraph 11 of the Complaint.

12.    Defendants admit the allegations in Paragraph 12 of the Complaint.

13.    In answer to Paragraph 13 of the Complaint, Defendants admit the parties entered into the Agreement, a copy of which is attached as Exhibit "A" to the Complaint.

14.    In answer to Paragraph 14 of the Complaint, Defendants admit that the Agreement speaks for itself and is the best evidence of its contents.

15.    In answer to Paragraph 15 of the Complaint, Defendants admit that the Agreement speaks for itself and is the best evidence of its contents.

16.    In answer to Paragraph 16 of the Complaint, Defendants admit that at all times they held themselves out to Plaintiff as possessing the competence, diligence, and expertise necessary to represent Plaintiff in the Kamana OR Litigation.   Other than so admitting, Defendants deny, generally and specifically, all of the remaining allegations in Paragraph 16.

17.    In answer to Paragraph 17 of the Complaint, Defendants deny, generally and specifically, that they breached their duty to provide reasonable and competent representation to Plaintiff on any basis and in any manner, including but not limited to each and all of the bullet points alleged in Paragraph 17.

18.    In answer to Paragraphs 18, 19, 20, 21, 22, 24, 25 and 26, and each of them, Defendants deny, generally and specifically, the allegations in such paragraphs.

19.    In answer to Paragraph 23 of the Complaint, Defendants admit that Slinde Nelson Stanford received payments for legal fees in connection with the Kamana OR Litigation.  Other than so admitting, Defendants deny, generally and specifically, all of the remaining allegations in Paragraph 23.

3

## ANSWERS TO SECOND CLAIM FOR RELIEF

### (Breach of Contract Against Slinde Law Firm)

20.    In answer to Paragraph 27 of the Complaint, Defendants reallege and incorporate herein by reference their answers to Paragraphs 11 through 25, inclusive, as though fully set forth herein.

21.    Whether conduct constitutes a breach of an agreement is a legal conclusion that requires no response.  To the extent Paragraphs 28, 29 and 30, and each of them, require responses, Defendants deny, generally and specifically, the allegations contained in such paragraphs.

22.  In answer to Paragraph 31 and 32 of the Complaint, and each of them, Defendants deny, generally and specifically, the allegations contained in such paragraphs.

## ANSWERS TO THIRD CLAIM FOR RELIEF

### (Disallow Claims [11 U.S.C. § 502] Against Slinde Law Firm)

23.  In answer to Paragraph 33 of the Complaint, Defendants reallege and incorporate herein by reference their answers to Paragraphs 11 through 32, inclusive, as though fully set forth herein.

24. In answer to Paragraph 34 of the Complaint, Defendants deny, generally and specifically, the allegations contained in such paragraph.

25. In answer to Paragraph 35 of the Complaint, Defendants deny, generally and specifically, the allegations contained in such paragraph.

26. In answer to Paragraph 36 of the Complaint, Defendants admit that the Federal Rules of Civil Procedure, and the discretion of the Court, will determine if and when Plaintiff shall be permitted to amend the Complaint as to existing or additional claims.

1

2                              **<u>AFFIRMATIVE DEFENSES</u>**

3            In addition to the admissions and denials stated above, Defendants, and each of them,

4    assert the following affirmative defenses.  In asserting these affirmative defenses, Defendants

5    do not intend to alter in any way the burden of proof and/or the burden of persuasion applicable

6    to Plaintiff's claims.  In addition, these affirmative defenses are pleaded in the alternative and

7    protectively, and do not constitute an express, implied or tacit admission of liability of any

8    kind, or that Plaintiff is entitled to any relief whatsoever.

9                           **<u>FIRST AFFIRMATIVE DEFENSE</u>**

10                          **(Failure to State a Claim for Relief)**

11           The Complaint, and each claim for relief alleged therein, fails to state a claim against

12   Defendants, or any of them, for which relief can be granted.

13                         **<u>SECOND AFFIRMATIVE DEFENSE</u>**

14                              **(Statute of Limitations)**

15           The Complaint, and each claim for relief alleged therein, is barred by the applicable

16   statutes of limitations as they may apply.

17                          **<u>THIRD AFFIRMATIVE DEFENSE</u>**

18                        **(Lack of Constitutional Jurisdiction)**

19           Defendants do not consent to entry of final orders or judgment by the bankruptcy judge

20   in this adversary proceeding, and hereby reserve the right to withdraw reference of this

21   proceeding, and to require entry of judgment only by an Article III judge.

22                          **<u>FOURTH AFFIRMATIVE DEFENSE</u>**

23                                 **(Unclean Hands)**

24           The loss or damages, if any, sustained by Plaintiff herein are barred as a result of the

25   unclean hands of Plaintiff, including but not limited to the unclean hands of its shareholders,

26   directors, officers, agents and representatives, and any and all persons acting at Plaintiff's

27   direction or for its benefit.

28

## FIFTH AFFIRMATIVE DEFENSE

### (Setoff/Recoupment)

If Defendants, or any of them, are found liable for damages arising out of the conduct alleged in the Complaint, or in any claim for relief alleged therein, such damages are subject to a setoff and/or recoupment, either partial or full, against amounts owed by Plaintiff to Defendants or to any of them.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff failed to mitigate its damages, if any, including (but not limited to) refusing reasonable settlement opportunities, ignoring legal advice, withholding material information, and purposefully increasing the cost of litigation.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

By virtue of Plaintiff's conduct both before and after the acts alleged in the Complaint, Plaintiff is estopped from asserting any claims against Defendants or any of them.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff, through its conduct and words, has waived any claims against Defendants or any of them.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

The losses or damages, if any, sustained by Plaintiff herein are barred, in whole or in part, by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Breach of Contract by Plaintiff)

Plaintiff has relinquished its right to relief sought in the Complaint by virtue of its acts, conduct, representations and omissions, which constitute a breach of contract by Plaintiff.

1    **ELEVENTH AFFIRMATIVE DEFENSE**

2    **(Excuse of Duty of Performance)**

3    Any duty or performance on the part of Defendants or any of them is excused by reason

4    of failure of consideration, waiver, breach, prevention and frustration of purpose by Plaintiff.

5    **TWELFTH AFFIRMATIVE DEFENSE**

6    **(Substantial Performance)**

7    Defendants and each of them have fully performed or substantially performed all of

8    their obligations under any and all agreements, representations and contracts.  Thus, any

9    purported right of recovery or relief by Plaintiff is barred, estopped, and precluded, in whole or

10    in part, by virtue of Defendants' substantial performance.

11    **THIRTEENTH AFFIRMATIVE DEFENSE**

12    **(Reasonableness of Conduct)**

13    The conduct of Defendants and each of them was at all times reasonable and undertaken

14    in good faith based on the material facts and circumstances known to Defendants and each of

15    them at the time.

16    **FOURTEENTH AFFIRMATIVE DEFENSE**

17    **(Comparative Fault)**

18    Plaintiff's damages, if any, were caused by its own conduct, including but not limited to

19    the conduct of its agents and representatives such as Stephen Weaver, who at all times acted at

20    Plaintiff's direction and for Plaintiff's benefit and as a client representative of Plaintiff.  The

21    wrongful conduct referred to herein includes, but is not necessarily limited to: (1) micro-

22    managing the litigation and actively directing legal strategy and tactics; (2) refusing to respond

23    to inquiries in a timely manner; (3) withholding material information from Defendants; (4)

24    ignoring legal advice; (5) refusing to allow Defendants to hire experts; (6) rejecting settlement

25    opportunities; (7) drafting litigation documents using out-of-state, non-lawyers, which required

26    significant time and effort to correct; and (8) demanding Defendants take frivolous, overly

27    aggressive legal positions that were inconsistent with the standard of care and practice in the

28

1 jurisdiction in which the litigation was pending, and were designed to increase the cost of

2 litigation and artificially delay proceedings.

3                    **FIFTEENTH AFFIRMATIVE DEFENSE**

4                         **(Contributory Negligence)**

5          Plaintiff's damages, if any, were caused by its own conduct, including but not limited

6 to the conduct of its agents and representatives such as Stephen Weaver, who at all times acted

7 at Plaintiff's direction and for Plaintiff's benefit and as a client representative of Plaintiff.  The

8 wrongful conduct referred to herein includes, but is not necessarily limited to: (1) micro-

9 managing the litigation and actively directing legal strategy and tactics; (2) refusing to respond

10 to inquiries in a timely manner; (3) withholding material information from Defendants; (4)

11 ignoring legal advice; (5) refusing to allow Defendants to hire experts; (6) rejecting settlement

12 opportunities; (7) drafting litigation documents using out-of-state, non-lawyers, which required

13 significant time and effort to correct; and (8) demanding Defendants take frivolous, overly

14 aggressive legal positions that were inconsistent with the standard of care and practice in the

15 jurisdiction in which the litigation was pending, and were designed to increase the cost of

16 litigation and artificially delay the proceedings.

17                    **SIXTEENTH AFFIRMATIVE DEFENSE**

18                              **(Consent)**

19          At all times mentioned in the Complaint, Plaintiff acted willingly, voluntarily and with

20 consent to all conduct of which it now complains.

21                   **SEVENTEENTH AFFIRMATIVE DEFENSE**

22           **(Reservation of Rights, Including the Right to Amend)**

23          Defendants presently have insufficient knowledge or information on which to form a

24 belief as to whether they may have additional but as yet unstated affirmative defenses available,

25 or to otherwise alter, change or amend their responses to the Complaint. Defendants reserve

26 herein the right to add, alter, change and/or amend their responses to the Complaint in the

27 event, after further investigation, including formal and informal discovery, appropriate

28 information is hereafter discovered.

1    **DEMAND FOR JURY TRIAL**

2     Pursuant to Federal Rule of Civil Procedure 38, made applicable herein by Federal Rule

3    of Bankruptcy Procedure 9015, Defendants, and each of them, hereby demand a trial by jury on

4    all issues so triable.

5    **PRAYER FOR RELIEF**

6     WHEREFORE, Defendants, and each of them, pray for relief as follows:

7    1. That Plaintiff take nothing by way of its Complaint and that said Complaint be

8      dismissed with prejudice;

9    2. That Defendants and each of them be awarded judgment in their favor against

10     Plaintiff;

11   3. For costs of suit incurred herein; and

12   4. For such other and further relief as the Court deems just and proper.

13

14   Dated:  August 20, 2018

15

16         By:  ___*/s/ Irv M. Gross*_____

17            DAVID L. NEALE
              IRV M. GROSS

18            LEVENE, NEALE, BENDER, YOO
              & BRILL L.L.P.

19            Counsel for Defendants

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is 10250 Constellation Boulevard, Suite 1700, Los Angeles, CA 90067

A true and correct copy of the foregoing document entitled **DEFENDANTS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **August 20, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Leslie A Cohen    leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;allie@lesliecohenlaw.com**
- **Irving M Gross    img@lnbyb.com, john@lnbyb.com**
- **David L. Neale    dln@lnbyb.com**
- **United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov**

**2.  SERVED BY UNITED STATES MAIL**: On **August 20, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

None.

☐ Service information continued on attached page

**3.    SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **August 20, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

***Served via Attorney Service***
The Honorable Sheri Bluebond, Chief Judge
United States Bankruptcy Court
Edward R. Royal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 20, 2018 | Stephanie Reichert | /s/ Stephanie Reichert |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**